UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, an individual,

      Plaintiff,

v.

PIPELINE PROPERTIES, LLC
d/b/a/ Sungold Plaza, a Florida
limited liability company,
KHULNA, INC. d/b/a Halal Meat
and Grocery, a Florida corporation;
TORRE DEONTRAY FULCHER
d/b/a Urban Swagger; LE
GOURMET INDIA, LLC, Florida
limited liability company; CHINA
TASTE INC. OF FORT MYERS, a
Florida corporation; MILTON
TOWNSEND d/b/a Penny's Beauty
and Barber Supply, JACKIE'S
EYEBROW THREADING NAILS
SALON INC., a Florida
corporation,

      Defendants.

Case No:   2:16-cv-00192-CM

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Entry of Default (Doc. 36) filed on June 24, 2016.  Plaintiff Patricia Kennedy moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants China Taste Inc. of Fort Myers ("China Taste"), Jackie's Eyebrow Threading Nails Salon Inc. ("Jackie's"), Khulna, Inc. ("Khulna"),  Le Gourmet India,

LLC ("Le Gourmet India"), and Torre Deontray Fulcher. For the reasons that follow, the motion is due to be granted in part and denied in part.

Pursuant to Rule 55(a), the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

As to Defendant Torre Deontray Fulcher, the Federal Rules of Civil Procedure allows for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Here, the Return of Service (Doc. 32) states that on April 1, 2016, a process server for Caplan, Caplan, and Caplan delivered a true copy of the Summons in a Civil Action (21 days) and Complaint with Injunctive Relief Demanded upon Torre Deontray Fulcher at 2966 Cleveland Ave, Fort Myers, FL

33901. Doc. 32 at 1. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

As to Defendants China Taste, Jackie's, Khulna, and Le Gourmet India, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. §48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* §48.081(3)(a). If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principle place of business or any employee of the registered agent. *Id.* Process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1).

For China Taste, the Return of Service (Doc. 28) states that on March 31, 2016, a process server for Caplan, Caplan, and Caplan delivered a true copy of the Summons in a Civil Action (21 days) and Complaint with Injunctive Relief Demanded upon Lisa Wang, an employee and spouse of Jian Wang,[1] at 2960 Cleveland Avenue, Fort Myers, FL 33901, in the absence of the registered agent. Doc. 28 at 1. For Khulna, the Return of Service (Doc. 30) states that on May 17, 2016, a process server for Caplan, Caplan, and Caplan delivered a true copy of the Summons in a Civil Action (21 days) and Complaint with Injunctive Relief Demanded upon MD B Rahman,[2] registered agent for Khulna, at 2976 Cleveland Avenue, Suite A, Fort Myers, FL 33901. Doc. 30 at 1. For Le Gourmet India, the Return of Service (Doc. 31) states that on April 1, 2016, a process server for Caplan, Caplan, and Caplan delivered a true copy of the Summons in a Civil Action (21 days) and Complaint with Injunctive Relief Demanded upon Richard Harmon, Jr.,[3] registered agent for Le Gourmet India at 9800 Quinta Artesa Way, Suite 101, Fort Myers, FL 33908. Doc. 31 at 1. Service of process therefore was properly effected on China Taste, Khulna, and Le Gourmet India under Rules 4(h)(1)(A), (e)(1), Federal Rules of Civil Procedure, and section 48.081(3)(a), Florida Statutes.

For Jackie's, the Return of Service (Doc. 29) states on March 31, 2016, a process server for Caplan, Caplan, and Caplan delivered a true copy of the Summons in a

---

[1] According to www.sunbiz.org, Jian Wang is the registered agent for Defendant China Taste.
[2] A search of www.sunbiz.org confirms that MD B Rahman is the registered agent for Khulna.
[3] A search of www.sunbiz.org confirms that Richard Harmon, Jr. is the registered agent for Le Gourmet India.

Civil Action (21 days) and Complaint with Injunctive Relief Demanded upon Tim McCamish, spouse of Jacquiline Smith,[4] at 1825 Linhart Avenue, Lot 82, Fort Myers, FL 33901, the residence of the registered agent, who was not home. Doc. 29 at 1. The spouse of a registered agent is not any of the individuals who may accept service on behalf of a corporation. *Accident Ins. Co. v. Blue Sky Contracting, Inc.,* No. 3:12-cv-995-J-25MCR, 2013 WL 1881415, at *2 (M.D. Fla. May 6, 2013). *See also Dade Erection Service, Inc. v. Sims Crane Service, Inc.,* 379 So. 2d 423, 426 (Fla. 2nd D.C.A. 1980) (holding that service on a spouse of a registered agent is not appropriate). Therefore, the Return of Service (Doc. 29) is insufficient to establish service of process on Jackie's.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. The registered agent for China Taste, who was served on March 31, 2016, sent an answer via certified mail to Plaintiff's lawyers on April 13, 2016 with an expected delivery date of April 15, 2016. Doc. 38-1. Pursuant to Fed. R. Civ. P. 5(b)(2)(c), service by mail is complete upon mailing. However, according to M.D. Fla. R. 2.03(e), a corporation may only appear and be heard through counsel admitted to practice in this Court pursuant to Local Rules 2.01 or 2.02. "A corporation can never appear *pro se.*" *Obermaier v. Driscoll*, No. 2:00-cv-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000). As such, China Taste's *pro se* answer is insufficient to satisfy Rule 12(a)(1)(A). Because China Taste has attempted to respond, the Court will deny

---

[4] According to www.sunbiz.org, Jacquiline Smith is the registered agent for Defendant Jackie's.

entry of a Clerk's default at this time and allow it an opportunity to obtain counsel.[5]

In accordance with Local Rule 2.03(e), **China Taste shall have up to and including August 5, 2016** to cause a Notice of Appearance be filed by an attorney to represent it. Failure to do so may result in an order directing issuance of a Clerk's default, or an Order recommending sanctions, including default judgment.

Defendants Torre Deontray Fulcher, Khulna, and Le Gourmet India have failed to serve an answer within the appropriate time period. Therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is proper against them.

ACCORDINGLY, it is hereby

ORDERED:

1.  Plaintiff's Motion for Clerk's Entry of Default (Doc. 36) is **GRANTED** as to Defendants Torre Deontray Fulcher, Khulna, Inc. and Le Gourmet India, LLC and **DENIED without prejudice** as to Defendants China Taste Inc. of Fort Myers and ackie's Eyebrow Threading Nails Salon Inc.

2.  The Clerk is directed to enter Clerk's Defaults against Defendants Torre Deontray Fulcher, Khulna, Inc. and Le Gourmet India, LLC.

3.  In accordance with Local Rule 2.03(e), **China Taste shall have up to and including August 5, 2016 to cause a Notice of Appearance be filed by an attorney to**

---

[5] "Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, 2011 WL 4501385, *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, 2008 WL 3851588 (S.D. Fla. 2008)

**represent it.** Failure to do so may result in an order directing issuance of a Clerk's default, or an Order recommending sanctions, including default judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of July, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of Record